### PEOPLE v CORTEWAY

Docket Nos. 157053, 167861. Submitted April 6, 1995, at Grand
Rapids. Decided August 1, 1995, at 9:00 A.M. Leave to appeal
sought.

Stephen M. Corteway pleaded guilty in the Kalamazoo Circuit
Court, Richard Ryan Lamb, J., of murder in the first degree.
The defendant appealed, and the Court of Appeals, while
retaining jurisdiction, remanded to the circuit court to allow
the defendant to move to withdraw his plea on the basis of
ineffective assistance of counsel. On remand, the circuit court,
following a hearing at which there was testimony that counsel
had discussed the nature and sentencing consequences of first-
degree murder, the possible defenses, the possibility of a convic-
tion of a lesser included offense, the strength of the prosecu-
tion's case and of the defenses, and the advantages and disad-
vantages of going to trial, concluded that although counsel's
representation was otherwise adequate, counsel's failure to ·
make a specific recommendation concerning whether the defen-
dant should plead guilty or go to trial constituted ineffective
assistance of counsel. An order granting the defendant's motion
to withdraw his guilty plea was entered. The people appealed
by leave granted. The appeals were consolidated.

The Court of Appeals *held*:

1. While a defense counsel may elect to offer a client a
specific recommendation whether to go to trial or to plead
guilty, there is no requirement that such a recommendation
necessarily be given, nor does the failure to provide such a
recommendation necessarily constitute ineffective assistance of
counsel. The test is whether a counsel's assistance enabled a
defendant to make an informed and voluntary choice between
trial and a guilty plea. Absent unusual circumstances, an
informed and voluntary choice can be made by a defendant
without a specific recommendation by counsel where the coun-
sel has apprised the defendant adequately of the nature of the

REFERENCES

Am Jur 2d, Criminal Law §§ 470, 474, 985.

See ALR Index under Attorney or Assistance of Attorney; Guilty
Plea.

charges and the consequences of a plea. The fact that the charged offense in this case was punishable by life imprisonment was not by itself a special circumstance that would obligate the defense counsel to make a specific recommendation or to object to the defendant's decision to plead guilty. Therefore, because the record discloses no unusual or special circumstances in this case that would require the defendant's counsel to make a specific recommendation concerning whether the defendant should plead guilty, the trial court erred in finding ineffective assistance of counsel.

2. The defendant's assertion that he should be allowed to withdraw his guilty plea because of the failure of the trial court to comply with the requirements of MCR 6.301(B)(2) was not preserved for appellate review by reason of the failure of the defendant to move in the trial court to withdraw his guilty plea on that basis or to raise that claim on appeal in a timely manner.

Reversed and remanded for reinstatement of conviction.

HOOD, P.J., dissenting, stated that the order of the trial court allowing the defendant to withdraw his guilty plea should be affirmed, because, under the circumstances of this case, especially in light of the fact that the plea was to first-degree murder with its mandatory life sentence, the trial court did not abuse its discretion in allowing the defendant to withdraw his plea on the basis of ineffective assistance of counsel, the defendant having been prejudiced by the failure of his counsel to inform him specifically that absolutely nothing was gained by pleading guilty.

CRIMINAL LAW — GUILTY PLEAS — WITHDRAWALS OF GUILTY PLEAS — INEFFECTIVE ASSISTANCE OF COUNSEL.

A counsel for a criminal defendant may elect to offer the defendant a specific recommendation whether to go to trial or to plead guilty; however, there is no requirement that such a recommendation necessarily be given, nor does the failure to provide such a recommendation necessarily constitute ineffective assistance of counsel; absent unusual circumstances, a defendant can make an informed and voluntary choice whether to plead guilty or go to trial without a specific recommendation having been made by counsel where the counsel has apprised the defendant adequately of the nature of the charges and the consequences of a plea.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James J. Gregart,* Prose-

cuting Attorney, and *Judith B. Ketchum,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*), for the defendant on appeal.

Before: HOOD, P.J., and MACKENZIE and T. R. THOMAS,* JJ.

MACKENZIE, J. Defendant pleaded guilty of first-degree murder, MCL 750.316; MSA 28.548, and was sentenced to life imprisonment without parole. He appealed as of right, and this Court remanded to the trial court to allow defendant to move to withdraw his plea on the basis of ineffective assistance of counsel. On remand, the trial court entered an order granting defendant's motion to withdraw his guilty plea. The people appeal that order by leave granted. We reverse and remand for reinstatement of defendant's conviction.

In *People v Pickens,* 446 Mich 298; 521 NW2d 797 (1994), our Supreme Court adopted the test set forth in *Strickland v Washington,* 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), for determining whether a defendant has been denied effective assistance of counsel. Under that test, a defendant must show, first, that counsel's performance was deficient, and, second, that the deficient performance was prejudicial to the defendant. *Id.*

When reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, courts apply the test set forth in *Strickland* in light of *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), and *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973). *People v Thew,* 201 Mich App 78, 89; 506 NW2d 547 (1993).

* Circuit judge, sitting on the Court of Appeals by assignment.

See also *In re Oakland Co Prosecutor,* 191 Mich App 113, 120-122; 477 NW2d 455 (1991). To establish ineffective assistance of counsel in the context of a guilty plea, courts must determine whether the defendant tendered a plea voluntarily and understandingly. *Thew, supra,* p 89; *People v Mayes (After Remand),* 202 Mich App 181, 183; 508 NW2d 161 (1993).

Guilty pleas have been found to be involuntary or unknowing on the basis of ineffective assistance of counsel where defense counsel failed to explain adequately the nature of the charges or the consequences of the guilty plea. *Thew, supra,* p 91. Guilty pleas have also been found to be involuntary or unknowing where counsel has failed to discuss possible defenses to the charges to which the defendant is pleading guilty. *Id.* In these situations, counsel's deficient representation effectively renders the defendant's guilty plea involuntary because it deprives the defendant of the ability to make an intelligent and informed choice from among his alternative courses of action. *Thew, supra,* p 92, quoting *Rinehart v Brewer,* 561 F2d 126, 132 (CA 8, 1977).

In this case, the testimony at the hearing on remand established that defendant and his attorney discussed the nature and sentencing consequences of the first-degree murder charge, the possible defenses, the possibility of a conviction of a lesser included offense, the strength of the prosecution's case and of the available defenses, and the advantages and disadvantages of going to trial and pleading guilty. Counsel, however, did not specifically recommend which course of action defendant should take. The trial court concluded that, although counsel's representation was otherwise adequate, counsel's "neutrality"—his failure to make a specific recommendation that defendant either

plead guilty or go to trial—constituted ineffective assistance of counsel. We reject this analysis.

The decision to plead guilty is the defendant's, to be made after consultation with counsel and after counsel has explained the matter to the extent reasonably necessary to permit the client to make an informed decision. See MRPC 1.2(a) and MRPC 1.4(b). While an attorney may elect to offer a client a specific recommendation whether to go to trial or to plead guilty in the course of that consultation, we decline to hold that such a recommendation is required or that the failure to provide such a recommendation necessarily constitutes ineffective assistance of counsel. The test is whether the attorney's assistance enabled the defendant to make an informed and voluntary choice between trial and a guilty plea. Absent unusual circumstances, where a counsel has adequately apprised a defendant of the nature of the charges and the consequences of a plea, an informed and voluntary choice whether to plead guilty or go to trial can be made by the defendant without a specific recommendation from counsel. See *Jones v Estelle,* 584 F2d 687, 690 (CA 5, 1978); *Trahan v Estelle,* 544 F2d 1305, 1319-1320 (CA 5, 1977) (Goldberg, J., concurring).

The record in this case shows that the defense counsel made certain that defendant was aware of the nature of the charges and the consequences of his guilty plea or alternative courses of action, including the existence of possible defenses and lesser included offenses. *Thew, supra.* The record discloses no unusual or special circumstances in this case that would require defendant's counsel specifically to advise him to plead guilty or to go to trial. Furthermore, the fact that defendant was charged with an offense punishable by life imprisonment without parole did not, without more,

obligate defense counsel to object to defendant's decision to plead guilty or to insist that he go to trial. See *People v Stewart,* 442 Mich 890; 498 NW2d 430 (1993). Under these circumstances, the trial court erred in finding ineffective assistance of counsel. Accordingly, we reverse the order granting defendant's motion to withdraw his guilty plea.

In addition to his ineffective assistance of counsel claim, defendant also contends in two related arguments that he should be allowed to withdraw his guilty plea because the trial court did not comply with the requirements of MCR 6.301(B)(2). Defendant did not move in the trial court to withdraw his guilty plea on these grounds, nor did he raise the claims in a timely manner before this Court. Therefore, they are not properly preserved for our review. MCR 6.311(A) and (C); MCR 7.208(B); MCR 7.211(C)(1).

Reversed and remanded for reinstatement of defendant's conviction. We retain no further jurisdiction.

T. R. THOMAS, J., concurred.

HOOD, P.J. (*dissenting*). I respectfully must dissent from that portion of the majority opinion that concludes that the trial court erred in finding that defendant was deprived of effective assistance of counsel. Defendant's plea of first-degree murder was taken in exchange for the prosecutor's dismissal of charges of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and of being an habitual offender, second offense, MCL 769.10; MSA 28.1082, hardly a real bargain. After a hearing, the trial court permitted defendant to withdraw his guilty plea. I would affirm.

This case involves the shooting death of Brad

Farrer, defendant's brother-in-law. Defendant's brother, Robert Lee Corteway, testified at the preliminary examination that defendant had confessed to him that he shot Farrer. The trial court granted defendant's petition for a referral to the Center for Forensic Psychiatry, and defendant filed a notice of his intent to claim a defense of insanity. An independent psychological examination was granted. The psychological evaluation indicated, among other things, that defendant had a history, since early childhood, of drug and alcohol use, which included experimentation with a plethora of drugs, with an emphasis on marijuana. Although his substance abuse began with apparent encouragement from his parents, defendant and his brother were eventually requested to stop using drugs and alcohol, as had his parents, or to leave their home. Defendant and Robert left their parents' home in Oklahoma and went to live with their sister and her husband, Brad Farrer.

At defendant's plea hearing, defendant testified that early in the day of December 24, 1991, he and his brother discussed killing Farrer. The Corteway brothers took drugs and drank a large quantity of alcohol throughout the day. Defendant and his brother were living with Farrer, from whom their sister was estranged. According to defendant at this hearing, his brother located the gun and loaded it and gave it to him. Robert then allegedly told defendant that if defendant did not kill Farrer, Robert, would kill defendant. Robert left the house. Defendant drank more alcohol and smoked three or four more marijuana cigarettes. Defendant testified that he decided not to kill Farrer, but when Farrer came home he shot him without thinking. In handling the gun, defendant wore gloves, and he disposed of the gun and spent

ammunition as he went from Farrer's home in search of his brother.

Defendant testified that his sister previously had offered to pay him to kill Farrer. According to defendant, Farrer had repeatedly made sexual advances toward him, which defendant consistently refused, and Farrer had threatened to use force sometime in the future in order to have sex with defendant.

I agree with the majority's resolution of defendant's issues on appeal. I disagree, however, with the resolution of the prosecution's appeal. I find no abuse of discretion, and emphasize that abuse of discretion is the standard of review that we must apply. The trial court concluded that defendant's trial counsel was ineffective and stressed that it's decision was entirely dependent upon the circumstances of this case. The court noted that while the trial counsel discussed with defendant the defenses that could be presented, there was no discussion concerning trial strategies or the advantages and disadvantages of entering a plea of guilty of first-degree murder. The court emphasized that defense counsel failed to advise defendant sufficiently regarding whether defendant should enter a plea. I agree.

There are two prongs to the test to determine whether a defendant was denied effective assistance of counsel. The defendant must first "show that counsel's performance fell below an objective standard of reasonableness, and [then demonstrate] that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994), adopting the standard set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The defendant must also overcome the presumption that the trial counsel's

actions might be considered sound trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991).

When the claim stems from a plea of guilty, it must be determined whether the defendant tendered the plea voluntarily and understandingly. *People v Mayes (After Rem)*, 202 Mich App 181, 183; 508 NW2d 161 (1993). The question is not whether a court would consider a defense counsel's advice to be right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases. *People v Thew*, 201 Mich App 78, 89-90; 506 NW2d 547 (1993). Where a defense counsel has failed to explain to a client the nature of the charges or to discuss possible defenses, guilty pleas have been found to be involuntary or unknowing on the basis of ineffective assistance of counsel. *Id.* at 91. A defendant should also be informed by counsel of the consequences of entering a guilty plea. *Id.* at 91-93. A defense counsel must explain the range and consequences of available choices in sufficient detail to enable a defendant to make an intelligent and informed choice, although a counsel cannot possibly ensure that a defendant comprehends everything. *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994).

The trial court's decision with regard to a defendant's motion to withdraw a guilty plea will not be disturbed absent a clear abuse of discretion resulting in a miscarriage of justice. *People v Montrose (After Remand)*, 201 Mich App 378, 380; 506 NW2d 565 (1993). An abuse of discretion will be found only if an unprejudiced person, considering the facts upon which a trial court relied in making its decision, would conclude that there was no justification for the ruling made. *People v Miller*, 198 Mich App 494, 495; 499 NW2d 373 (1993).

Under the circumstances of this case, especially in light of the fact that defendant entered a plea of guilty of first-degree murder and the mandatory life sentence for that offense, I would find that the trial court did not abuse its discretion in allowing defendant to withdraw his plea on the basis of ineffective assistance of counsel. Defendant was bound over on January 3, 1992, on a charge of first-degree murder for the offense that occurred on December 24, 1991. At a pretrial hearing on March 4, 1992, the court ordered that defendant undergo a psychiatric examination to determine criminal responsibility. The defendant's notice of intent to claim insanity as a defense was filed on March 16, 1992. A jury trial scheduled to begin on April 21, 1992, was adjourned because of defendant's request for an independent psychological examination, and the trial date was rescheduled for August 11, 1992. Defendant entered his plea on August 6, 1992.

At defendant's hearing pursuant to *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973), his trial counsel, Richard Stroba, testified that it was not until August 1992 that he discussed with defendant the possibility of pleading guilty. According to Stroba, there were concerns about further delays in beginning the trial because of some problems with the jury pool. Stroba testified that defendant indicated three reasons for his plea. First, defendant was not comfortable with his situation in the county jail: he had spent approximately 229 of his 259 days in jail in isolation, and his life had been threatened by other inmates. Defendant indicated to Stroba that he wished to face whatever punishment he had coming to him. Second, testified Stroba, defendant had acknowledged his participation in the offense, but was concerned with the fact that there was no investi-

gation concerning the role of his brother in the crime. In fact, according to defendant's testimony at the *Ginther* hearing, defendant thought part of the plea arrangement included an investigation by law enforcement officials of his brother's role. Last, defendant was concerned and sympathetic to the family of the victim and did not want to put them through the ordeal of trial.

According to Stroba, he informed defendant that he should not plead guilty because of the delays in trial. Stroba also explained to defendant that defendant would have an opportunity to make a statement explaining the circumstances of Farrer's death both during the plea and at sentencing. Defendant was told that his only chance of getting out of prison was a commutation of his sentence by the governor and that this would be more likely without the details of the crime on the record. Stroba testified that he did not suggest to defendant that he thought there was any great chance of such an outcome in the near future.

Defendant and Stroba had discussed three defenses: insanity, diminished capacity, and intoxication. According to both Stroba and defendant, Stroba had indicated that these defenses were not strong and that the insanity defense was especially unlikely to be successful. Stroba testified that they discussed

> how to handle the case and what we were going to do from the very beginning of my representation of [defendant] through the time of the plea, the sentence and post-sentence. So, we certainly talked about, at various steps, the advantages or disadvantages of any particular course of action including the plea itself.

Stroba testified that he probably told defendant his chances were not good and that the best possible

outcome might be second-degree murder. Stroba never advised defendant concerning which course of action to take.

Defendant testified that it was his understanding from his discussions with Stroba that his defenses likely would not be successful and his "only chance" was to plead, however he was never told by his attorney to plead guilty. It was never defendant's desire to go to prison for life.

In finding that defendant's counsel was ineffective, the trial court stated:

> [I]n the narrow factual setting of this particular case, and without commenting generally on what is effective or ineffective . . . but, on the unique factual setting of this case where you have someone that's saying, Well, go to trial or plead guilty. whether [sic] the—a Defendant in—that state of mind, facing that kind of a decision, with the extremely long sentence facing him and . . . the most serious penalty the State of Michigan has . . . mandatory life, no parole unless the governor commutes the sentence . . . the essence of an attorney's function in that setting is to give advice. I don't care which way it is. . . .
>
> Here, we have neutrality. You have a—a Defendant making a choice, in essence, unassisted by advice of Counsel. And again I emphasize, Mr. Stroba told him, he explained probably best he could the possible defenses. He explained the penalties. He explained what would happen if the plea was entered. But, the critical function is advice, and Counsel to a Defendant facing that choice. The Defendant saying, Mr. Attorney, what should I do in this situation? And that was left entirely up to Mr. Corteway. And, I think that in this particular case, [defendant was denied effective assistance of counsel].

The trial court concluded that defendant's plea was not an understanding one because he was

deprived of legal advice. I agree with the trial court's finding that defendant was prejudiced by deficient counsel. Under the facts of this case, Stroba's failure to advise defendant concerning the recommended course of action—to enter a plea or go to trial—is not within the range of competence we demand from attorneys representing criminal defendants. Even if the possible defenses were slim, as stated by the trial court, they are potential defenses, whereas a plea of guilty of first-degree murder leaves defendant with nothing.

Defendant testified that he thought a plea of guilty was his only chance. In a situation such as that in this case, a plea is no chance. Defendant was denied effective assistance of counsel, and the trial court did not abuse its discretion in allowing defendant to withdraw his plea.

I would affirm the trial court's decision.