# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee/Cross-Appellant,

v

PATRICIA MILISSA KREINER,

        Defendant-Appellant/Cross-
        Appellee.

UNPUBLISHED
October 23, 2014

No. 309334
Bay Circuit Court
LC No. 11-010364-FC

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant was convicted of first-degree criminal sexual misconduct, MCL 750.520b(1)(a) (victim under 13 years of age), and sentenced to 25 to 40 years' imprisonment. After defendant filed her claim of appeal with this Court, she filed a motion for new trial in the circuit court, alleging several points of error, including allegations that defense trial counsel had been ineffective when he failed to adequately discuss with her a plea offer that she rejected. A *Ginther*[1] hearing was held, after which the circuit court denied defendant's motion for new trial but ordered plaintiff to reoffer the rejected plea offer after concluding that defense counsel had been ineffective in conjunction with the plea process. Plaintiff cross-appealed the trial court's order pursuant to MCR 7.208(B)(5)(b). Defendant filed a brief in response to the cross-appeal. However, she failed to file her appellant's brief or withdraw her appeal within the time limits imposed by MCR 7.208(B)(5)(b). Accordingly, the only matter before us is plaintiff's cross-appeal. We affirm.

Before trial, defendant was presented with a single plea offer: plead guilty as charged and plaintiff would request a ten-year cap on the minimum sentence, thereby allowing defendant to avoid the 25-year mandatory minimum sentence she would face if convicted as charged. On the advice of counsel, defendant rejected the plea offer, stood trial, and was convicted as charged. The sole issue on appeal is whether defense trial counsel rendered ineffective assistance to defendant during the plea bargaining process.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859, amended 481 Mich 1201 (2008). The trial court's factual findings are reviewed for clear error. *Trakhtenberg*, 493 Mich at 47. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Dendel*, 481 Mich at 130 (citation and quotation marks omitted). On review, we give regard "to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). Questions of constitutional law are reviewed de novo. *Dendel*, 481 Mich at 124.

"As at trial, a defendant is entitled to the effective assistance of counsel during the plea bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014); see also *Lafler v Cooper*, ___ US ___, ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012). In the context of a plea bargain, a defendant claiming ineffective assistance of counsel must satisfy the two-prong test set forth in *Strickland*[2] by demonstrating "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, ___ US ___; 132 S Ct at 1384; *Douglas*, 496 Mich at 592. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson,* 261 Mich App 657, 663; 683 NW2d 761 (2004).

The decision of whether to plead guilty belongs to the defendant. *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995). The decision, however, is to be "made after consultation with counsel and after counsel has explained the matter to the extent reasonably necessary to permit the client to make an informed decision." *Id.* (Citation omitted.) Counsel must inform the defendant of the direct consequences of pleading guilty. *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011).

The prosecution argues that the trial court held defense counsel was ineffective because defense counsel had a conflict of interest arising from his representation of another client charged with fourth-degree criminal sexual abuse. We will refer to the defendant in this other matter as "defendant B." Defendant in the case at hand was interviewed by Michigan State Police Trooper James Moore, who was also involved in defendant B's case. Defendant testified that his counsel told her if she maintained a united front with defendant B, defendant B would be found innocent, which in turn would help her case. The prosecution mischaracterizes the trial court's findings. The portion of the order the prosecution quotes for the alleged finding of a conflict is as follows:

> The Court believes it is clear from observing the trial and from defense
> counsel's willingness to allow the Defendant to testify in the [defendant B]

[2] *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

matter, that defense counsel's obsession that Trooper Moore was dishonest colored defense counsel's judgment and his performance to the point where the Defendant was denied the effective assistance of counsel during the plea negotiations that preceded the trial.

As we understand the court's reasoning, it found that defense counsel's judgment was affected by his "obsession" with Trooper Moore. The court's finding was based on its observance of the trial and from defense counsel's actions during the proceedings involving defendant B. Thereafter, the court went on to expressly state that defense counsel's performance was deficient because he had brief and inadequate discussions with defendant about the plea offer. Specifically, the court found that defense counsel minimized the ramifications of rejecting the plea offer, overstated defendant's chances at trial, and failed to discuss the impact of defendant's inculpatory statements.

We hold that the trial court's factual findings were not clearly erroneous. *Trakhtenberg*, 493 Mich at 47. Defendant testified that defense counsel (1) discussed the plea offer with her once, for about two minutes, before she rejected it on the record, (2) advised her to reject the plea and told her that there was no point in taking it if she did not commit the crime, and (3) that defense counsel did not really go through the pros and con of accepting the plea, and that he told her that the prosecution had "nothing," that she was innocent, that she would not be in this position if not for Trooper Moore, and that "[w]e've got these people."[3] Consequently, given the limited discussion, the trial court's factual finding regarding Trooper Moore is not clearly erroneous. The facts permit a finding that defense counsel did not explain "the matter to the extent reasonably necessary to permit the client to make an informed decision." *Corteway*, 212 Mich App at 446.

Next, the prosecution argues that even if defense counsel's performance were deficient, defendant cannot establish that she was prejudiced by defense counsel's error. In cases where the alleged prejudice is that the defendant rejected a plea offer and stood trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Douglas*, 496 Mich at 592, quoting *Lafler*, ___ US at ___; 132 S Ct at 1385.]

"The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 291 Mich App 363 (citation omitted).

---

[3] Defense counsel testified in general about what he usually does because he did not recall the length, number, or contents of discussions he had with defendant about the plea offer.

Here, defendant was sentenced to a minimum of 25 years. If she had accepted the plea offer, she would have faced ten years. Moreover, at sentencing, the trial court expressed discontent with the mandatory minimum sentence required for defendant's conviction. The court acknowledged that there was a plea offer at some point that would have removed the mandatory provision, which defendant rejected. The court stated that it believed the rejected offer "would have caught this within just guidelines" and noted that it did not know why the plea was not pursued. Thus, there is a reasonable probability that the trial court would have accepted the plea according to the terms of the plea offer.

Finally, the trial court did not clearly err in finding that, but for counsel's error, there is a reasonable probability that defendant would have accepted the plea bargain. Although defendant testified at the *Ginther* hearing that she did not know if she would have accepted the plea offer, this factor is but one of four to be considered under *Lafler* and *Douglas*. See *Lafler*, 132 S Ct at 1385; *Douglas*, 496 Mich at 592. Indeed, in *Douglas* the defendant testified that he would have accepted the plea had he not received ineffective assistance, yet the Supreme Court still upheld a trial court's conclusion that defendant did not establish prejudice even with such testimony. *Douglas*, 496 Mich at 597-598. After all, the circuit court need only find that there was a "reasonable probability" that defendant would have accepted the plea, so defendant's equivocation on the issue does not foreclose a conclusion like the trial court made here. Although there was evidence supporting the opposite conclusion, the circuit court carefully evaluated the appropriate factors and evidence supported its findings. We must affirm.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

-4-