# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 29, 2015

Plaintiff-Appellee,

v

No. 321653
Wayne Circuit Court
LC No. 14-000329-FH

MARCUS ANTHONY LANGSTON,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions for violation of MCL 333.7401(2)(d)(*iii*), MCL 750.224f, and MCL 750.227b. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The Detroit Police arrested defendant during a raid on a drug house, which contained large amounts of marijuana prepared for distribution, a gun, and cash. The prosecution charged defendant with: (1) possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*); (2) felon in possession, MCL 750.224f; and (3) felony firearm, MCL 750.227b. At a pretrial hearing, the prosecutor stated she had offered to dismiss the marijuana and felony firearm charges if defendant pleaded guilty to the charge for felon in possession. Defendant, in court before the trial judge, flatly refused to accept the offer.

The jury convicted defendant of all charges. Defendant, without first petitioning the trial court, then asked our Court to remand for a *Ginther*[1] hearing to develop the record on whether he received ineffective assistance of counsel, which our Court rejected.[2] On appeal, defendant again says he received ineffective assistance of counsel because his attorney did not provide reasonable advice on whether to accept the plea bargain prior to trial.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Langston*, unpublished order of the Court of Appeals, entered December 4, 2014 (Docket No. 321653).

-1-

## II. STANDARD OF REVIEW

Because defendant failed to move for a new trial or evidentiary hearing in the trial court, the issue of whether he received ineffective assistance of counsel is not preserved. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). When an issue of ineffective assistance of counsel has not been properly preserved, review is limited to mistakes apparent on the record. *Id*. Whether a person has been denied effective assistance of counsel is a mixed question of law and fact. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Petri*, 279 Mich App at 410.

## III. ANALYSIS

Like any other defendant who claims ineffective assistance of counsel, a defendant who asserts his attorney gave him ineffective assistance during the plea bargaining process must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). The decision whether to plead guilty belongs to the defendant, but should "be made after consultation with counsel and after counsel has explained the matter to the extent reasonably necessary to permit the client to make an informed decision." *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995). Effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009).

At the outset, we must note that defendant cites no record evidence in support of his claim for ineffective assistance of counsel. For this reason alone, his appeal must be rejected, because our review of his claim is limited to evidence contained in the record. *Petri*, 279 Mich App at 410.

In any event, the non-record affidavits defendant has submitted on appeal contain no evidence that his trial attorney's advice regarding the plea bargain was unreasonable. The affidavits detail how defense counsel told defendant he believed the prosecution's gun charges lacked strength. This was a reasonable position in light of the fact that defendant did not: (1) have actual possession of a firearm; (2) the police did not check the firearm for fingerprints; and (3) a single officer found and testified about the gun. *Douglas*, 496 Mich at 592. The affidavits further indicate that defendant's attorney told him of the terms of the plea bargain, which defendant, on his own initiative, chose to reject. *Corteway*, 212 Mich App at 446. The fact that defendant now prefers the terms of the plea bargain over his current sentence does not make his counsel's assistance ineffective.

Were we nonetheless to assume that defendant's counsel gave him unreasonable advice, defendant has failed to show that the outcome of his trial would have been different, but for the unreasonable advice. Specifically, defendant does not demonstrate that "the plea offer would have been presented to the court[,] . . . that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under

the judgment and sentence that in fact were imposed." *Lafler v Cooper*, 566 US ___, ___; 132 S Ct 1376, 1385; 182 L Ed 2d 398 (2012). Accordingly, defendant's appeal has no merit whatsoever.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad