# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 14, 2016

v

No. 325978
Wayne Circuit Court
LC No. 14-008534-FC

TYRONE MARVIN ANDREWS,

        Defendant-Appellant.

Before: TALBOT, C.J., and MURRAY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for his armed robbery conviction and two years' imprisonment for his felony-firearm conviction. We affirm.

On August 24, 2014, the victim, Ronald Segars, was standing outside of a liquor store with three friends in Detroit. As Segars and his friends were sharing a bottle of liquor outside of the store, Segars observed defendant pull up in a Nissan Maxima across the street. Defendant exited the vehicle and began to walk towards the men. As defendant got closer, Segars's friends began to flee. Segars observed defendant pull out a pistol. Defendant then approached Segars and demanded that Segars give defendant his possessions, which included a watch, chain, and the money that he had in his pocket. After Segars gave defendant his belongings, defendant began to walk back to his vehicle. As defendant returned to his vehicle, he fired multiple shots at Segars. Segars was able to avoid being hit by ducking between two other vehicles.

Defendant argues that he was denied his right to the effective assistance of counsel. The ultimate constitutional issue arising from an ineffective assistance of counsel claim is reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Any findings of fact are reviewed for clear error. *Id*.

In order to prevail on an ineffective assistance of counsel argument, "a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the

-1-

wide range of reasonable professional assistance." *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In order for the defendant to satisfy the prejudice prong of the analysis, "a court must conclude that there is 'a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.' " *Pickens*, 446 Mich at 312 (quoting *Strickland*, 466 US at 695).

Defendant first argues that he was denied the effective assistance of counsel when his trial counsel failed to present an alibi defense at trial. Defendant claims that he was at Great Lakes Crossing in Auburn Hills at the time of the robbery and that he told counsel this prior to trial. After defendant's *Ginther*[1] hearing, the trial court denied defendant's motion for a new trial, concluding defendant's counsel was not ineffective. The trial court accepted counsel's testimony that she was originally told that the only person who was with defendant at Great Lakes Crossing on the day of the robbery was Dorothy Simpson, defendant's grandmother. When counsel attempted to get Simpson's contact information, she was informed by Ivy Andrews, defendant's mother, that Simpson suffered from dementia and was too sick to testify. Counsel then attempted to obtain receipts from the mall to corroborate defendant's claim, but did not receive them until the middle of defendant's trial. Finally, counsel hired an investigator to corroborate defendant's alibi, but the investigator could not find any evidence to support defendant's claim.

In light of counsel's testimony, which the trial court accepted, it cannot be said that her performance "fell below an objective standard of reasonableness." *Pickens*, 446 Mich at 338. Decisions on what evidence to present and whether to call witnesses are presumed to be matters of trial strategy with which this Court will not interfere. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). While defendant cites to the *Ginther* hearing testimony of Andrews and Simpson that Simpson would have testified at trial and that counsel did receive the mall receipts prior to trial, the trial court clearly found counsel's testimony to be more credible. "This Court must give deference to the trial court's factual findings, particularly where the credibility of witnesses is involved." *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003). Additionally, the receipts had the potential to incriminate defendant because they were dated two hours after the robbery occurred and showed that cash was paid for the transactions, allowing the potential for the prosecutor to argue defendant was spending the money he stole from Segars. The facts found by the trial court support the trial court's conclusion that defense counsel utilized sound strategy with respect to the alibi issue.

Defendant also argues that trial counsel's performance was deficient when counsel failed to inform him that he faced a mandatory minimum sentence of 25 years prior to defendant rejecting the prosecution's plea offer. At the final pretrial conference, the prosecution offered to reduce defendant's armed robbery charge to a charge of unarmed robbery. In exchange, defendant would plead guilty to unarmed robbery and felony-firearm. The prosecution proposed a sentencing agreement of 5 to 15 years' imprisonment for the unarmed robbery conviction and two years' imprisonment for the felony-firearm conviction.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

In determining whether counsel provided ineffective assistance in the context of plea offers, "[t]he test is whether the attorney's assistance enabled the defendant to make an informed and voluntary choice between trial and a guilty plea." *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995). At the *Ginther* hearing, counsel testified that she did inform defendant of the minimum sentence he would be facing if convicted at trial. Counsel testified that despite this, defendant was adamant about rejecting any plea offers. While defendant argues that counsel never told him about the minimum sentence, this Court must again defer to the trial court's findings regarding counsel's credibility. *Galloway*, 259 Mich App at 638. In addition, counsel had the original pretrial conference postponed for the purpose of familiarizing herself with the case and advising defendant of the best course of action. Therefore, because the record supports the trial court's conclusion that counsel did inform defendant of the mandatory minimum sentence he was facing, defendant cannot demonstrate that her performance was deficient.

Finally, defendant's convictions were supported by sufficient evidence. When reviewing an argument regarding insufficient evidence, this Court reviews the record de novo. *People v Mayhew*, 236 Mich App 112, 124; 600 NW2d 370 (1999). This Court reviews the evidence in the light most favorable to the prosecutor and determines whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999).

In order to a convict a defendant of armed robbery, the prosecution must prove the following:

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007).]

"In the course of committing a larceny" is defined as "acts that occur in an attempt to commit the larceny, or during the commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." *Id.* at 7 n 5 (quotation marks and citation omitted).

Segars testified that after defendant exited his vehicle, he began to walk towards him and his friends. Segars testified that as defendant was approaching, Segars's friends began to flee. Segars observed defendant pull out a pistol and demand all of Segars's belongings, including his chain, watch, and cash. While defendant argues that Segars was an incredible witness because he was wearing expensive jewelry while drinking outside of a liquor store and sharing a bottle of liquor, it was the job of the jury to determine Segars's credibility and this Court must defer to that credibility assessment. *People v Lemmon*, 456 Mich 625, 646; 576 NW2d 129 (1998). Therefore, in light of Segars's testimony, there was sufficient evidence to support defendant's armed robbery conviction.

-3-

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2003) (quotation marks and citation omitted). As stated above, Segars testified that defendant brandished a pistol while demanding Segars's belongings. Segars also testified that defendant fired the pistol as he was fleeing from the scene. Therefore, there was sufficient evidence to prove that defendant possessed a firearm during the commission of a felony.

Affirmed.


/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Deborah A. Servitto