*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARQUON LEON JACKSON,

        Defendant-Appellant.

UNPUBLISHED
October 08, 2024
10:47 AM

No. 368275
Genesee Circuit Court
LC No. 21-048538-FH

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant, Marquon Leon Jackson, appeals by delayed leave granted[1] his jury-trial conviction of assaulting, resisting, or obstructing a police officer, MCL 750.81d. Defendant was sentenced to serve 24 months of probation and 44 days in jail. We affirm.

## I. FACTS

On July 29, 2021, defendant refused to leave the Genesys Hospital in Grand Blanc after he was discharged. Hospital security ultimately removed defendant's belongings from his hospital room, and defendant followed security out of the building. Outside the building, defendant remained standing outside the entrance to the emergency room, refusing to leave. Law enforcement was called to remove defendant from the property for trespassing. For 40 minutes, law enforcement attempted to persuade defendant to leave of his own accord, but defendant continuously ignored law enforcement and refused to answer any questions. Officers' testimony established that law enforcement had exhausted every option to allow defendant to leave on his own. As a result, an officer grabbed defendant by the arm, stood him up from the bench, placed him in handcuffs, and informed him that he was under arrest. The officer conducted a quick search and walked defendant to a patrol vehicle. While securing defendant in the vehicle, defendant used his left foot to prevent the door from closing and unbuckled his seatbelt. Defendant then stood up

---

[1] *People v Jackson*, unpublished order of the Court of Appeals, entered March 20, 2024 (Docket No. 368275).

on the vehicle's running board and yelled for help. An officer placed his hand on defendant's sternum and told him to calm down and sit back down in the vehicle. After a few moments, defendant lunged off the running board and headbutted the officer in the nose and glasses. The officer grabbed defendant and, with the help of security guards who were still nearby, took defendant to the ground and regained control.

Defendant was charged with, and subsequently convicted of, assaulting, resisting, or obstructing a police officer under MCL 750.81d.

## II. ANALYSIS

On appeal, defendant contends that his trial counsel was ineffective during plea negotiations and by failing to request a specific unanimity jury instruction. Even assuming that trial counsel was deficient in both regards, defendant has not demonstrated that these deficiencies prejudiced him.

### A. STANDARDS OF REVIEW

An ineffective assistance of counsel argument is preserved by moving for a new trial or an evidentiary hearing. *People v Smith*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362114); slip op at 12. Defendant did not move for a new trial or an evidentiary hearing.[2] Therefore, his arguments are unpreserved, and review is limited to errors apparent from the record. *Id*. "Whether a defendant has received ineffective assistance of counsel is a mixed question of fact and constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023). "We review for clear error the trial court's factual findings, and we review de novo questions of constitutional law." *Id*. (quotation marks, citation, and alteration omitted).

### B. PLEA NEGOTIATIONS

Defendant argues that his trial counsel was deficient for failing to explain to him the potential availability of the Holmes Youthful Trainee Act (HYTA), MCL 762.16 *et seq*. Defendant contends this error was prejudicial, requiring reversal of his conviction. Even assuming that counsel failed to consider whether defendant was eligible for sentencing under the HYTA and provide an explanation to defendant prior to trial, defendant has not demonstrated that any error was prejudicial.

The Michigan and United States Constitutions require that criminal defendants receive effective assistance of counsel in their defense. *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016), citing US Const, Am VI; Const 1963, art 1, § 20. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "[A] defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), citing *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398

---

[2] Defendant's trial counsel passed away after trial.

-2-

(2012). "A defendant seeking relief for ineffective assistance in this context must meet *Strickland*'s familiar two-pronged standard by showing (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163. "In demonstrating prejudice, the 'defendant must show the outcome of the plea process would have been different with competent advice.' " *Id*. This Court presumes that a defendant received effective assistance of counsel, and "the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks and citation omitted).

In claiming ineffective assistance of counsel, a defendant must identify the "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 US at 690. This Court in turn evaluates "whether the trial attorney's acts or omissions were outside the wide range of professionally competent assistance." *People v Green*, 322 Mich App 676, 684; 913 NW2d 385 (2018) (quotation marks and citation omitted), overruled in part on other grounds by *People v Peeler*, 509 Mich 381, 394 (2022). Although the decision to plead guilty lies solely with a defendant, a defendant's counsel must enable "the defendant to make an informed and voluntary choice between trial and a guilty plea." *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995).

Defendant contends that his trial counsel was ineffective by failing to discuss defendant's eligibility for a plea bargain under the HYTA. Defendant has failed to establish that he was prejudiced by defense counsel's allegedly deficient performance. See *People v Leffew*, 508 Mich 625, 637; 975 NW2d 896 (2022).

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. [*Missouri v Frye*, 566 US 134, 147; 132 S Ct 1399; 182 L Ed 2d 379 (2012).]

"Reasonable probability means a probability sufficient to undermine confidence in the outcome." *Leffew*, 508 Mich at 637 (quotation marks and citation omitted).

Defendant has not demonstrated a reasonable probability that a more favorable result would have occurred had counsel informed him about HYTA. First, it is far from clear that defendant would have chosen to proceed under HYTA had he been offered the opportunity. Defendant not only refused multiple opportunities to plead guilty to a lesser offense, apparently against his trial counsel's advice, but he also specifically requested that the jury not be instructed regarding a lesser included charge, which was expressly against his trial counsel's advice.

More importantly, the record does not support a conclusion that the prosecution would have consented to applying HYTA as required under MCL 762.11(1); MCL 762.11(2), when the offense was committed on or after defendant's twenty-first birthday. In fact, the prosecution stated at sentencing that it was "strenuously objecting to HYTA in this case." Accordingly, defendant has not demonstrated a reasonable probability of a more favorable outcome absent counsel's alleged error. See *Douglas*, 496 Mich at 598.

## C. INSTRUCTIONAL ERROR

Defendant's second ineffective assistance of counsel argument is premised on trial counsel's failure to request a specific unanimity instruction. Again, even assuming that counsel should have requested this instruction, defendant has failed to establish that his counsel's alleged deficient performance was prejudicial.

Defendant was charged with resisting or obstructing a police officer under MCL 750.81d(1), the elements of which are: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation marks and citation omitted). This Court recently held the prosecution must also establish a third element: that the officers acted lawfully. *People v Murawski*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365852); slip op at 4, citing *Quinn*, 305 Mich App at 492; *People v Moreno*, 491 Mich 38, 51-52; 814 NW2d 624 (2012).

Criminal defendants are afforded the right to a unanimous jury verdict. Const 1963, art 1, § 14; MCR 6.410(B); *Ramos v Louisiana*, 590 US 83, 93; 140 S Ct 1390; 206 L Ed 2d 583 (2020). "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). This duty is often fulfilled "by providing the jury with a general instruction on unanimity." *People v Chelmicki*, 305 Mich App 58, 68; 850 NW2d 612 (2014). However, a specific unanimity instruction may be required where "1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt." *Cooks*, 446 Mich at 524. "When a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *Chelmicki*, 305 Mich App at 68 (quotation marks, citation, and alteration omitted).

Defendant contends that a specific unanimity instruction was required because the prosecution relied on materially distinct proofs and alternative theories of guilt: that defendant had either resisted by not following officer instructions or battered by head-butting the officer. However, trial counsel's failure to request a specific unanimity instruction does not undermine confidence in the outcome. See *Leffew*, 508 Mich at 637. Significantly, defendant did not contest the officers' testimony regarding his conduct or offer a separate defense to either theory. Therefore, "the sole task of the jury was to determine the credibility of the [witnesses] with respect

to the pattern of alleged conduct." *Cooks*, 446 Mich at 528. Testimony established a sufficient factual basis for the jury to find that defendant was noncompliant with lawful orders and had headbutted an officer while under arrest. These were alternative means to committing the same offense. *Chelmicki*, 305 Mich App at 68.

Additionally, the trial court instructed the jury regarding all of the elements of the charged offense, that "[a] verdict in a criminal case must be unanimous," and that "it is necessary that each of you agrees on that verdict." There is no indication that the jurors in this case did not follow the instructions. See *People v Davis*, 509 Mich 52, 78; 983 NW2d 325 (2022). Further, the jury did not provide the trial court with any questions while deliberating, and it deliberated for only approximately 45 minutes before reaching a verdict. Defendant has provided no support for a conclusion that the jury was confused or disagreed about the factual basis of defendant's guilt or that the jury verdict was not unanimous in this case. This is not a case where there was "relatively little evidence to support a guilty verdict." *People v Urbanski*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359011); slip op at 6 (quotation marks and citation omitted).

Affirmed.

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica