*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NATHANAEL JOSEPH BEDGOOD,

        Defendant-Appellant.

UNPUBLISHED
December 10, 2025
11:14 AM

No. 373438
Menominee Circuit Court
LC No. 2024-004626-FH

Before: YATES, P.J., and BOONSTRA and YOUNG, JJ.

PER CURIAM.

Defendant pleaded no contest to assault with a deadly weapon, MCL 750.82, and resisting or obstructing a police officer resulting in injury, MCL 750.81(d). The trial court sentenced him to concurrent prison terms of 24 months to 4 years for each conviction. Defendant subsequently moved to withdraw his plea, arguing that he would have proceeded to trial but for the ineffective assistance of defense counsel. The trial court denied the motion. Defendant appeals that denial by leave granted.[1] We vacate the trial court's order denying defendant's motion and remand this case to the trial court for an evidentiary hearing on defendant's claim of ineffective assistance of counsel.

## I. PERTINENT FACTS[2] AND PROCEDURAL HISTORY

On August 21, 2023, defendant's siblings called 911 because defendant was breaking household items and threatening them. When police officers arrived on the scene and informed defendant that he was under arrest, defendant threatened officers with a knife. The officers

---

[1] *People v Bedgood*, unpublished order of the Court of Appeals, entered January 31, 2024 (Docket No. 373438) (GARRETT, P.J., and MALDONADO, J., with K.F. KELLY, J., dissenting).

[2] The trial court recited the facts underlying this case at the plea hearing, to which defense counsel agreed.

-1-

eventually subdued defendant with a TASER. One of the officers sustained an apparent knife wound during defendant's arrest.

Defense counsel was then appointed for defendant. Prior to defendant's preliminary examination, the prosecution filed a motion to have defendant evaluated for his mental competency to stand trial and for criminal responsibility. Defense counsel also moved to have defendant's competency evaluated. The district court ordered that defendant receive an evaluation for competency to stand trial from the Center for Forensic Psychiatry (CFP). The court did not order defendant to be evaluated regarding his responsibility for the acts underlying the charges against him. After the order for a competency evaluation was entered, defendant was appointed different trial counsel.[3] The CFP evaluated defendant and informed the district court that defendant was not competent to stand trial at that time, but that he could be restored to competency following treatment. The district court accepted the CFP's findings and entered an order declaring defendant incompetent. Defendant was admitted to Kalamazoo Psychiatric Hospital for treatment. Several months later, the CFP reported that defendant was competent to stand trial.

After waiving a preliminary examination and arraignment, defendant pleaded no contest to both of his charges, and the trial court accepted the plea and sentenced him as described. After sentencing, defendant requested appointed counsel to help him challenge his plea. The court granted defendant's request. Defendant's newly appointed counsel subsequently filed a motion to withdraw defendant's plea on the ground that defendant's trial counsel had provided ineffective assistance of counsel by failing to move for a criminal-responsibility evaluation and failing to prepare an insanity defense.

At a hearing on the motion, the prosecution conceded that defendant was likely correct in his legal argument and suggested that the court hold a *Ginther*[4] hearing. However, the trial court did not do so, holding instead that defendant had failed to provide any evidence that his trial counsel was ineffective outside of the "naked assertion" that defendant had received inadequate representation. The trial court also determined that the factual record was not sufficient to enable the trial court to properly determine whether his trial counsel's performance fell below an objective standard of reasonableness. The trial court denied defendant's motion to withdraw his plea. This appeal followed.

## II. STANDARD OF REVIEW

"Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). This Court reviews findings of fact for clear error and questions of law de novo. *Id.* However, when the trial court did not hold an evidentiary hearing on the claim, "there are no factual findings to which this Court must defer, and this Court's review is for mistakes that are apparent on the record alone." *People v McFarlane*, 325 Mich App 507, 527; 926 NW2d 339 (2018). This Court reviews de novo whether a defense counsel's acts or omissions fell below an objective standard of

---

[3] The reason for the substitution of counsel is not apparent from the record.

[4] See *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

reasonableness under prevailing professional norms and resulted in prejudice to the defendant. *People v Dingee*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 365531); slip op at 3.

## III. ANALYSIS

Defendant argues that his trial counsel was ineffective in failing to request a criminal-responsibility evaluation, and that this failure foreclosed any possibility of what would have otherwise been a plausible insanity defense. We express no opinion on defendant's ultimate prospects of success regarding an insanity defense, but we are persuaded that a *Ginther* hearing should be conducted to allow the trial court to consider and decide defendant's ineffective assistance claim in the first instance.

"A criminal defendant has the fundamental right to effective assistance of counsel." *Heft*, 299 Mich App at 80. See also US Const, Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). But the defendant "bears the burden to prove that counsel did not provide effective assistance." *Heft*, 299 Mich App at 80. "To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Id.* at 81. See also *Strickland v Washington*, 466 US 668, 690, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Heft*, 299 Mich App at 81. "Counsel has wide discretion in matters of trial strategy, and a defendant must overcome a strong presumption that defense counsel represented him competently." *McFarlane*, 325 Mich App at 527.

"Counsel always retains the duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (quotation marks and citation omitted). To establish ineffective assistance of counsel in the context of a guilty plea, courts must determine whether the defendant tendered a plea voluntarily and understandingly." *People v Thew*, 201 Mich App 78, 91; 506 NW2d 547 (1993). Guilty pleas "have been found to be involuntary or unknowing where counsel has failed to discuss possible defenses to the charges to which defendant is pleading guilty." *People v Corteway*, 212 Mich App 442, 445; 538 NW2d 60 (1995). "In these situations, counsel's deficient representation effectively renders the defendant's guilty plea involuntary because it deprives the defendant of the ability to make an intelligent and informed choice from among his alternative courses of action." *Id.* "An unknowing and involuntary plea would indicate prejudice." *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994).

"A criminal defendant is denied effective assistance of counsel by his attorney's failure to properly prepare a meritorious insanity defense." *People v Hunt*, 170 Mich App 1, 13; 427 NW2d 907 (1988). However, trial counsel is not ineffective for failing to advance a meritless position. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Whether to pursue an insanity defense can be a matter of trial strategy, and this Court should not reverse "where failure to raise an insanity defense [was] a question of trial strategy." *People v Newton (After Remand)*, 179 Mich App 484, 493; 446 NW2d 487 (1989).

MCL 768.21a provides as follows:

(1) It is an affirmative defense to a prosecution for a criminal offense that the defendant was legally insane when he or she committed the acts constituting the offense. An individual is legally insane if, as a result of mental illness as defined . . . , or as a result of having an intellectual disability as defined . . . , that person lacks substantial capacity either to appreciate the nature of his or her conduct or to conform his or her conduct to the requirements of the law. Mental illness or having an intellectual disability does not otherwise constitute a defense of legal insanity.

*　*　*

(3) The defendant has the burden of proving the defense of insanity by a preponderance of the evidence.

"There are several procedural requirements that must be satisfied before an insanity defense may be raised." *People v Carpenter*, 464 Mich 223, 231; 627 NW2d 276 (2001). The defendant must provide notice to the court and the prosecution in writing "of his or her intention to assert the defense of insanity not less than 30 days before the date set for the trial of the case, or at such other time as the court directs." MCL 768.20a(1). The trial court will then order the defendant "to undergo an examination relating to his or her claim of insanity by personnel of the center for forensic psychiatry or by other qualified personnel," MCL 768.20a(2), and the defendant or prosecuting attorney may obtain independent psychiatric evaluations. MCL 768.20a(3).

In this case, it is apparent from the existing record that defendant's mental health issues were evident from the beginning of the proceedings. The prosecution and defendant's first trial counsel both requested an evaluation to determine whether defendant was competent to stand trial. The CFP in fact found defendant incompetent to stand trial. Yet, despite these facts, it appears that a criminal responsibility evaluation was never requested by defendant's trial counsel, and the possibility of an insanity defense does not appear to have been raised.

We agree with the trial court that the existing record is inadequate to determine whether defense counsel adequately investigated the possibility of an insanity defense and decided against it as a matter of sound trial strategy. Moreover, the current record renders this Court unable to determine whether defendant discussed with trial counsel the possibility of such a defense before defendant decided to plead no-contest to the charges against him. We therefore decline to decide whether defendant received the ineffective assistance of counsel and thus should have been permitted to withdraw his plea. Instead, we vacate the trial court's order denying defendant's motion to withdraw his plea, and remand this case to the trial court for it to hold a *Ginther* hearing regarding defendant's claim of ineffective assistance of counsel before ruling on defendant's motion to withdraw his plea. See *People v Hernandez*, 443 Mich 1, 15 n 22; 503 NW2d 629 (1993) (stating that "ineffective assistance of counsel claims generally require development of a record to determine if counsel was ineffective").

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark T. Boonstra
/s/ Adrienne N. Young