# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

FABIAN ELLIS,

       Defendant-Appellant.

UNPUBLISHED
April 12, 2016

No.  325902
Ingham Circuit Court
LC No.  14-000570-FC

Before:  BOONSTRA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial conviction of one count of first-degree criminal sexual conduct (CSC I), MCL 750.520b(2)(b) (victim under 13, defendant at least 17), and two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(2)(b) (victim under 13, defendant at least 17).  The trial court sentenced defendant to concurrent prison terms of 25 to 50 years for the CSC I conviction and 5 to 15 years for each CSC II conviction.  We affirm.

Defendant argues that he received ineffective assistance of counsel during pretrial proceedings because his counsel advised him regarding plea offers without informing him of the 25-year mandatory minimum sentence for CSC I.  We disagree.

The "Sixth Amendment right to counsel . . . extends to the plea-bargaining process." *Lafler v Cooper*, ___ US ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012).  See also *People v Douglas*, 496 Mich 557, 594; 852 NW2d 587 (2014); *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995).  "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law."  *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise.  To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different.  A defendant must also show that the

-1-

result that did occur was fundamentally unfair or unreliable. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

Because defendant failed to preserve the issue by making a motion for a new trial or an evidentiary hearing in the trial court, see *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000), our review "is limited to mistakes apparent on the record," see *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010).

Despite the fact that he bears the "burden of establishing the factual predicate for his claim of ineffective assistance of counsel," see *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), defendant cites absolutely *no* record evidence to support his cursory analysis of this issue. On that basis alone, his instant claim of error necessarily fails. This Court does not function as a research assistant for the parties before it. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001), quoting *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow.").

Moreover, other than a pretrial statement, which indicates that the prosecution offered defendant a plea of "One Count CSC 1st—no sentence agreement," and further indicates that defendant rejected that offer and chose to proceed to trial, the record is silent about what plea offers defendant received. It is equally silent about what advice defense counsel gave defendant—if any—regarding any plea offers that were made. Without such evidence, it is impossible to tell what assistance defendant received from his counsel, let alone to determine whether counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Nor can defendant, on this record,[1] make the requisite showing that "the outcome of the plea process would have been different with competent advice." See *Douglas*, 496 Mich at 592 (quotation marks and citation omitted). As a result, defendant's claim of ineffective assistance merits no relief.

---

[1] Additionally, defendant's request that we remand this matter to the trial court for an evidentiary hearing is unavailing. Aside from the fact that defendant's remand request is inappropriate because it was made in the text of defendant's appellate brief, not a proper motion to remand under MCR 7.211(C), defendant fails to explain how or why "development of a factual record is required for appellate consideration of the issue." See MCR 7.211(C)(1)(*ii*). On the contrary, by including his remand request in the text of his appellate brief, rather than filing a motion to remand beforehand, defendant implicitly acknowledged that no further development of the factual record was necessary to permit our review.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter