*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAVID LOUIS WOHLSCHEID,

      Defendant-Appellant.

UNPUBLISHED
June 9, 2022

No. 354813
Ionia Circuit Court
LC No. 19-017813-FH

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of fourth-degree criminal sexual conduct, MCL 750.520e(1)(b) (force or coercion) (CSC-IV). The trial court sentenced defendant to 60 months of probation and 30 days of house arrest and subsequently denied defendant's motion for a new trial, which was based on a claim of ineffective assistance of counsel. We affirm.

This case stems from an incident in which defendant assaulted a woman in the parking lot of the Ionia Moose Lodge. Defendant was charged with misdemeanor assault and battery and retained attorney Kevin Peterson to defend him. At pretrial hearings, the prosecutor extended an offer for defendant to plead guilty to assault and battery, with a sentence recommendation of probation, fines, costs, and no up-front jail. Defendant refused the offer. The prosecutor subsequently amended the offer: the prosecutor would not charge defendant with CSC-IV if defendant entered a guilty plea to the original charge of assault and battery. Although defendant began to consider the offer, he ultimately declined because the term of probation would impose limitations that defendant was not willing to accept. The prosecutor dismissed the misdemeanor assault and battery charge and issued the CSC-IV charge. A jury found defendant guilty of CSC-IV after a two-day trial, with Peterson as counsel. Defendant retained other counsel to represent him during the sentencing hearing and subsequent appeal.

-1-

After the claim of appeal was filed, this Court granted defendant's motion to remand for a *Ginther*[1] hearing regarding Peterson's assistance as counsel.[2] In a detailed opinion from the bench, the trial court denied defendant's motion for a new trial after finding that Peterson's assistance as counsel was effective.

Defendant argues that he was deprived of his Sixth Amendment right to counsel when Peterson failed to timely communicate acceptance of a misdemeanor plea offer to the prosecuting attorney, resulting in defendant instead being charged with and convicted of a higher-severity offense. Additionally, defendant argues that Peterson was ineffective because he never communicated an expiration date for the plea offer to defendant.

Whether defense counsel provided effective representation is a mixed question of fact and law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court must determine the applicable facts, which then must decide whether those facts rise to a level violative of the defendant's right to effective assistance of counsel. *Id.* "[D]efendant has the burden of proving by a preponderance of the evidence that a plea offer was made and that his counsel failed to communicate it to him." *People v Williams*, 171 Mich App 234, 242; 429 NW2d 649 (1988). This Court reviews the trial court's factual findings for clear error, *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012), and clear error exists only if, after reviewing the entire record, we are "definitely and firmly convinced" that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). Questions of constitutional law are reviewed de novo. *LeBlanc*, 465 Mich at 579. We review for an abuse of discretion a trial court's decision on a motion for new trial. *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018).

The United States Constitution and Michigan Constitution both guarantee criminal defendants the right to counsel. US Const, Am VI; Const 1963, art 1, § 20. See also *Missouri v Frye*, 566 US 134, 138; 132 S Ct 1399; 182 L Ed 2d 379 (2012); *People v Pickens*, 446 Mich 298, 311; 521 NW2d 797 (1994). This right extends to all critical stages of criminal proceedings in which counsel's absence might deprive the defendant of a fair trial. *People v Buie*, 298 Mich App 50, 61; 825 NW2d 361 (2012).

The right to counsel includes the right to effective assistance of counsel. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

The two-prong test stated in *Strickland* is the appropriate means for analyzing claims of ineffective assistance of counsel in Michigan. *Pickens*, 446 Mich at 326. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *People v Hoag*, 460 Mich 1, 5; 594 NW2d 57 (1999). In other words,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Wohlscheid*, unpublished order of the Court of Appeals, entered June 22, 2021 (Docket No. 354813).

counsel's performance must meet an "objective standard of reasonableness." *Trakhtenberg*, 493 Mich at 51. The objective standard of reasonableness is measured "under prevailing professional norms." *Strickland*, 466 US at 688.

However, a defendant is not automatically entitled to a new trial if counsel's performance falls below that standard. *Id.* at 691. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* Nor does merely "some conceivable effect on the outcome of the proceeding." *Id.* at 693. "[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.*

Therefore, under the second prong of the test, a defendant must also show "that the deficient performance prejudiced the defense." *Hoag*, 460 Mich at 5. "In attempting to persuade a reviewing court that counsel was ineffective, a defendant must also . . . establish 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different.' " *Id.* at 6, quoting *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), quoting *Strickland*, 466 US at 694.

"[C]riminal defendants require effective counsel during plea negotiations." *Frye*, 566 US at 144. Allowing a plea offer to expire without communicating it to the defendant or allowing the defendant to consider it does not constitute effective assistance. *Id.* at 145.

> The decision to plead guilty is the defendant's, to be made after consultation with counsel and after counsel has explained the matter to the extent reasonably necessary to permit the client to make an informed decision. . . . The test is whether the attorney's assistance enabled the defendant to make an informed and voluntary choice between trial and a guilty plea. [*People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995) (citation omitted).]

Overall, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 US at 686.

Because the trial court's findings of fact were supported by ample record evidence, we are not firmly convinced that the trial court was mistaken in any of its factual findings. The trial court had the ability to gauge the testimony of defendant, his wife and daughter, as well as that of Peterson and his office assistant. The trial court paid specific attention to the timeline of events and when communications could have and did occur and noted that some of defendant's witnesses professed some possibility of not knowing exactly when communications occurred. The court also put great importance on the evidence of continuous plea discussions and the two *Cobbs*[3] hearings held in the district court, as providing strong evidence that Peterson was in active communication with defendant and the prosecution to alleviate defendant's concern that the plea offer not contain a probationary period that would preclude him from traveling to Florida for the winter. In fact,

---

[3] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

after Peterson returned from vacation and learned that defendant had changed his mind, Peterson conveyed defendant's plea acceptance despite not being convinced that defendant would actually follow through. And, as the trial court noted, defendant continued rejecting plea offers in circuit court, insisting on his innocence and wanting a trial.[4] The record evidence supports the trial court's findings and precludes a conclusion on appeal that the findings were clearly erroneous.

We also reject defendant's argument that the trial court clearly erred in finding that Peterson did not fail to convey an expiration date for the plea. The facts show that Peterson knew that the assistant prosecutor was getting frustrated with granting deadline extensions, so Peterson understood that the second *Cobbs* hearing date would be defendant's final chance to accept. Peterson in fact successfully fought for the deadline extension to the second *Cobbs* hearing. Additionally, there was nothing in writing containing a deadline, and as noted, Peterson pursued defendant's late attempt to accept the plea offer.

In light of the trial court's findings of fact, defendant's argument that Peterson rendered ineffective assistance is without merit. Peterson's actions met an objective standard of reasonableness. Peterson's actions, including securing two *Cobbs* hearings and record evidence of repeated plea discussions, enabled defendant to make informed and voluntary decisions about whether to plead. *Corteway*, 212 Mich App at 446. Further, Peterson could not have failed to convey acceptance to the prosecutor before the deadline because defendant did not wish to accept before the deadline. Although defendant considered pleading guilty if certain terms of the proposed probation met his approval, defendant maintained his innocence throughout the proceedings, even at the *Ginther* hearing.

The trial court did not commit clear error in its findings of facts or abuse its discretion by denying defendant's motion for a new trial. *People v Johnson*, 502 Mich at 564.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[4] Interestingly, although defendant and his family alleged that Peterson failed to communicate defendant's plea acceptance before its expiration in district court, they continued to employ Peterson throughout the proceedings in circuit court. In fact, defendant only retained a new attorney after his conviction.