*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
May 18, 2023

v

KEYSHON DEGON DOTSON also known as
KEYSHON BRANCH,

        Defendant-Appellant.

No. 360067; 360070[1]
Wayne Circuit Court
LC No. 18-006607-01-FC;
18-007215-01-FC

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

After remand for resentencing,[2] in Docket No. 360067, defendant appeals as of right his December 2021 resentencing for his bench trial convictions of two counts of armed robbery, MCL 750.529, and two counts of possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b. The trial court originally sentenced defendant in July 2019 as a fourth-offense habitual offender, MCL 769.12, to 35 to 70 years' imprisonment for each of his armed robbery convictions, and two years' imprisonment for each felony-firearm conviction. At resentencing, the trial court again sentenced defendant as a fourth-offense habitual offender to 25 to 50 years' imprisonment for each armed robbery conviction and two years' imprisonment for each felony-firearm conviction with 1,243 days credit for time served.

In Docket No. 360070, defendant appeals as of right his December 2021 resentencing of his bench trial convictions of one count each of armed robbery and felony-firearm. The trial court originally sentenced defendant as a fourth-offense habitual offender in July 2019 to 35 to 70 years'

---

[1] Docket Nos. 360067 and 360070 were consolidated on February 15, 2022. *People v Dotson*, unpublished order for the Court of Appeals, entered February 15, 2022 (Docket Nos. 360067 and 360070).

[2] *People v Dotson*, unpublished per curiam opinion of the Court of Appeals, issued February 18, 2021 (Docket Nos. 349971; 349973)

imprisonment for the armed robbery conviction, and two years' imprisonment for felony-firearm. The trial court resentenced defendant as a fourth-offense habitual offender to 25 to 50 years' imprisonment for his armed robbery conviction and two years' imprisonment for his felony-firearm conviction with 1,243 days credit for time served. We affirm.

## I. BACKGROUND

The factual background for these cases was summarized by this Court in defendant's initial appeal:

Both cases arise from defendant's practice of pretending, on Facebook, to have a car for sale in order to lure prospective victims into bringing cash to a location of defendant's choosing, ostensibly to show them the car and complete the purchase. When his plan succeeded, he robbed the victims at gunpoint. In lower court number 18-006607-01-FC, a friend drove the intended victim to the assigned location, where they waited for defendant for some time before he arrived and robbed them both. In lower court number 18-007215-01-FC, the single victim did not have a means of transportation, so defendant sent his girlfriend to the victim's apartment and she drove the victim to a vacant house, where defendant robbed him. Defendant used the name "East Warren Berry" on his Facebook page. With information subpoenaed from Facebook, the investigating officers were able to link the page to defendant's e-mail account and phone. All three victims identified him from a photo array. Once in jail, defendant asked his girlfriend in a monitored phone call to erase his e-mail address information, but the police had already obtained the above-described information as well as other evidence needed to prove defendant's guilt. [*Dotson*, unpub op at 1-2.]

Defendant was arrested and bound over on two counts of armed robbery as a fourth-offense habitual offender in lower court number 18-006607-01-FC, and one count of armed robbery and one count of felony-firearm in lower court number 18-007215-01-FC. In December 2018, the trial court held a pretrial hearing to review a possible plea offer that, in exchange for the defendant's guilty plea in lower court number 18-006607-01-FC to one count of armed robbery, there would be a sentencing agreement of 11 to 20 years' imprisonment, the other counts and the fourth-offense habitual offender charge would be dismissed, and the entirety of lower court number 18-007215-01-FC would also be dismissed. Defendant declined the plea offer in lieu of a jury trial. The prosecutor indicated the plea offer would remain open until a hearing for a pending motion was held.

In March 2019, the trial court held another pretrial hearing to schedule defendant's bench trial after he waived his right to a jury trial. The prosecutor informed the trial court that new information existed making it possible that defendant could be charged with additional crimes. The prosecutor changed the plea offer to 11 to 20 years' imprisonment for the armed robbery charges, and two years' imprisonment for the felony-firearm charges in lower court number 18-006607-01-FC, and the charges in 18-007215-01-FC would be dismissed in exchange for defendant's guilty plea. No expiration date for the plea offer was indicated, and the trial court noted that the offered sentence provided for a minimum sentence below the recommended sentencing guidelines range.

The trial court found defendant guilty of three counts of armed robbery and three counts of felony-firearm. During defendant's first sentencing hearing, the trial court read into the record the victim impact statements, conducted a combined review of the sentencing guidelines scoring, and increased the recommended sentencing guidelines range to 225 to 750 months. At the continuation of the sentencing hearing, the trial court scored the two cases separately, changed defendant's offense variable (OV) scores, and reviewed the victim impact statements, noting that defendant's actions had a profoundly negative impact on the three victims. In determining defendant's sentence, the trial court expressly considered defendant's young age, likelihood of rehabilitation, and role in the crimes. The trial court sentenced defendant to 35 to 70 years' imprisonment for each of the three counts of armed robbery and 2 years' imprisonment for each of the three counts of felony-firearm.

In July 2019, defendant appealed his sentences claiming that the trial court erred in determining the OV scores, and that the trial court's sentences were unreasonable and disproportionate. This Court found that the trial court incorrectly scored OV 10 and remanded the case for the limited purpose of resentencing, and for the trial court to make ministerial corrections to the judgments of sentence to add defendant's status as a fourth-offense habitual offender. *Dotson*, unpub op, 2-3. This Court declined to review defendant's sentences for reasonableness because the minimum sentences fell within the sentencing guidelines range and therefore was presumptively proportionate defendant failed to establish unusual circumstances sufficient to overcome the presumption. *Id.* at 5-6.

On remand, the trial court resentenced defendant in accordance with this Court's order. The trial court considered the principles of proportionality established under *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), and incorporated its findings from defendant's initial sentencing. These findings included defendant's role in the crimes, his young age, status as a fourth-offense habitual offender, and defendant's newly expressed remorse for his crimes. The trial court reduced defendant's sentences to 25 to 50 years' imprisonment for each of his three armed robbery convictions and two years' imprisonment for each of his three felony-firearm convictions, and awarded him 1,243 days credit for time served. Defendant again appealed.

While defendant's appeal pended before this Court, defendant moved for resentencing for specific performance of the plea offer, claiming his trial counsel told him not to accept the plea offer because a more favorable offer would be available closer to trial, which did not happen. In support of his claim, defendant attached a purported affidavit from his mother, Waukesha Branch. Defendant argued he was entitled to a *Ginther*[3] hearing to determine the veracity of his assertions. Defendant also filed his own affidavit to supplement his motion.

The trial court denied defendant's motion for resentencing, finding it actually a motion for relief from judgment, and defendant was only entitled to seek relief under MCR 6.500 *et seq*. Because defendant's motion did not conform to the requirements in MCR 6.500 *et seq*., defendant was not entitled to relief. Further, the trial court found even if defendant had properly filed his motion, his ineffective assistance of counsel claim lacked merit because: (1) the prosecution stated that a possibility of additional charges existed; (2) another offer was unlikely because the plea

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

offer fell below the sentencing guidelines; and (3) defendant could have accepted the plea offer before the first witness was sworn at trial, but he did not do so.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues his trial counsel denied him effective assistance by advising him against taking a plea offer that was more favorable than his sentence at trial.

## A. STANDARD OF REVIEW AND PRINCIPLES OF LAW

Defendants are entitled to the effective assistance of counsel when considering or negotiating a plea agreement. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). Defense counsel's obligation was to properly advise defendant regarding "the nature of the charges or the consequences of the guilty plea" and the "possible defenses to the charges to which the defendant is pleading guilty," so defendant has "the ability to make an intelligent and informed choice from among his alternative courses of action." *People v Corteway*, 212 Mich App 442, 445; 538 NW2d 60 (1995). The proper remedy for ineffective assistance of counsel during plea negotiations will depend on the circumstances of the case, but it could potentially entail resentencing or requiring a rejected plea to be reoffered. *Lafler v Cooper*, 566 US 156, 171; 132 S Ct 1376; 182 L Ed 2d 398 (2012).

As with any other claim of ineffective assistance, "[t]he defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 496 Mich at 592. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 US at 163. Thus,

[a] defendant seeking relief for ineffective assistance in this context must meet *Strickland* [*v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984)]'s familiar two-pronged standard by showing: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163.]

*Lafler* did not create a new rule of law but rather only established how the familiar *Strickland* test applied to plea negotiations. *People v Walker*, 328 Mich App 429, 448; 938 NW2d 31 (2019). Counsel's performance is strongly presumed to have been "born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). This Court should not "substitute our judgment for that of counsel" or "use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). A trial strategy is not ineffective simply because it ultimately does not succeed. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001).

A strategy is also not ineffective because it entails taking calculated risks, especially if the range of available options for the defense is meager. *People v Pickens*, 446 Mich 298, 324-325; 521 NW2d 797 (1994).

When a defendant claims to be prejudiced by rejecting a plea offer on the basis of ineffective assistance of counsel, the defendant must show (1) "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "that the court would have accepted its terms"; and (3) "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 US at 163-164, 132 S Ct. 1376. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews for clear error a trial court's findings of fact and reviews de novo questions of constitutional law. *Id*. This Court defers to the trial court's superior position to evaluate the credibility of witnesses who testified before it. *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018). [*People v White*, 331 Mich App 144, 148-150; 951 NW2d 106 (2020) (alterations in original).]

## B. ANALYSIS

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994). In his initial appeal, defendant did not argue that his trial counsel provided him ineffective assistance of counsel. Defendant only claimed the assignment of points for various OVs were incorrect, and that his sentences were unreasonable and disproportionate. In the opinion concerning defendant's initial appeals in Docket Nos. 349971 and 349973, this Court held that defendant's sentences were reasonable and remanded the matter to the trial court only for the limited purpose of correcting defendant's OV 10 score, and for the ministerial correction of adding defendant's status as a fourth-offense habitual offender to the judgments of sentence. *Dotson*, unpub op at 4-5. Thus, under *Kincade*, the current appeal is limited to the scope of the matters remanded. In asking us to vacate his sentences, overturn his convictions underlying his appeal in Docket No. 360070, and allow him to participate in an evidentiary hearing to determine whether he was denied the effective assistance of counsel, defendant is far exceeding the scope of this Court's remand. Because defendant failed to raise ineffective assistance of counsel during his initial appeals, it is now improperly raised and we decline to address the issue.

## III. DISPROPORTIONATE SENTENCE

Defendant argues that he must be resentenced because the sentences imposed by the trial court are disproportionate and unreasonable considering the nature of the offenses and defendant's youth at the time he committed the crimes. Defendant also argues that this Court should overturn its decision in *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), and find MCL 769.34(10) violates the Sixth Amendment. We disagree.

## A. STANDARDS OF REVIEW

"[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' . . . which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Posey*, 334 Mich App 338, 354-355; 964 NW2d 862 (2020) (quotation marks and citations omitted, alteration in original).[4] "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018) (citation omitted). "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196, citing MCL 769.34(10). We review de novo constitutional challenges to sentencing decisions. *Posey*, 334 Mich App at 355 (citation omitted).

## B. ANALYSIS

Sentences that deviate from the sentencing guidelines are evaluated for reasonableness under the principle of proportionality. *Milbourn*, 435 Mich 630 at 636. A sentence imposed by a trial court must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017). Thus, "a sentence within the Legislature's guidelines range is presumptively proportionate[,]" *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019), and "[a]ccording to *People v Lockridge*, [498 Mich 358; 870 NW2d 502 (2015)] this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *Anderson*, 322 Mich App at 636. "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).

Defendant does not claim that his sentence is outside the sentencing guidelines range, that an error in scoring occurred, or that the trial court relied on inaccurate information in determining his sentences. Rather, defendant claims his sentences were disproportionate because the trial court failed to consider defendant's youth and rehabilitative potential when imposing his sentences. But because the sentences imposed were within the guidelines, we must affirm defendant's sentences. MCL 769.34(10). Although the trial court was not required to expressly consider mitigating factors during resentencing, *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019), it *did* consider defendant's age during resentencing, stating: "I would also underscore that Mr. Dotson-Branch was 22 years of age; was already charged as a fourth habitual offender and prior attempts of rehabilitation through jail terms and prison terms had failed and he was back in court." Further, the trial court incorporated in its opinion the reasoning from defendant's initial sentencing, which

---

[4] Our Supreme Court has granted leave to appeal this Court's decision in *Posey*. *People v Posey*, 508 Mich 940 (2021).

also included consideration of defendant's age and rehabilitative potential. Thus, defendant's claim lacks merit.

Defendant also argues that this Court should overturn its decision in *Schrauben*, and rule that MCL 769.34(10) violates the Sixth Amendment by prohibiting appellate courts from reviewing a trial court's sentencing discretion, regardless of whether the sentence is reasonable or proportionate. This Court addressed this argument in *Posey*, declining to "declare a conflict with *Schrauben*," and finding MCL 769.34(10) was not "unassailable absent a scoring error or inaccurate information" because "MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence." *Posey*, 334 Mich App at 357-359. Although our Supreme Court has scheduled oral argument on the defendant's application for leave to appeal this Court's judgment in *Posey*,[5] because *Posey* remains binding precedent under MCR 7.215(J)(1), we must follow and apply the holding of *Posey* to this case. See *People v Danto*, 294 Mich App 596, 613; 822 NW2d 600 (2011). Under *Posey*, MCL 769.34(10) is not unconstitutional and defendant can only overcome the presumption of proportionality by showing that there are unusual circumstances rendering his sentences disproportionate. Defendant, however, does not claim his sentences constituted cruel and unusual punishment in violation of his constitutional rights, or that any unusual circumstances existed that would render his sentences disproportionate. Rather, defendant merely contends that his sentences are disproportionate and unreasonable by claiming that the trial court failed to adequately consider defendant's age and rehabilitative potential. As explained previously, the trial court in fact made abundantly clear that it considered both and articulated its reasons for imposing the sentences. Therefore, defendant's claim fails, and his sentences must be affirmed.

We affirm.

/s/ Sima G. Patel
/s/ Mark J. Cavanagh
/s/ James Robert Redford

---

[5] *Posey*, 508 Mich 940 (2021).